J-S05006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY JAMELL GELLISPIE, | |
| Appellant | No. 442 MDA 2015 |

Appeal from the PCRA Order Entered February 11, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005373-2006

BEFORE: BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 26, 2016**

Appellant, Troy Jamell Gellispie, appeals from the post-conviction court's February 11, 2015 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court provided a summary of the facts of this case in a prior decision, as follows:

> [Appellant] was charged with first degree murder, conspiracy to commit murder, and third degree murder for the shooting death of Christopher Jackson. [Appellant] and several of his friends allegedly went to the victim's house and open-fired at the victim and two other individuals who were sitting on his front porch. [Appellant] was tried along with his brother and co[-]conspirator, Franklin Jackson, who had transported the shooters to and from the scene.

---

[*] Retired Senior Judge assigned to the Superior Court.

The case went poorly for the Commonwealth during the first several days of trial. None of the Commonwealth's eyewitnesses testified to the same facts that they had at the preliminary hearing and/or provided to police in statements given near the time of the shooting. Several of the witnesses indicated that they had previously lied under oath or to police, and although all of the eyewitnesses testified that [Appellant] had a gun and was shooting at the time of the victim's death, none definitively testified that [Appellant] was the individual who shot the victim. Most of the witnesses also had lengthy criminal records; one of whom, Michael Santangelo, admitted during his testimony to recently committing a crime for which he had not been caught, and was taken directly into police custody from the witness stand.

The tide began to change a bit when a third co-conspirator, Shannon Stuart, testified. Stuart was arrested in Georgia on the first day of trial, waived extradition, and agreed to cooperate with the Commonwealth by testifying against [Appellant] and Jackson. [Appellant] and Jackson both objected to Stuart being permitted to testify, which was overruled by the trial court. The jury was made aware that in exchange for his testimony, the Commonwealth promised Stuart that it would drop the first degree murder charge and try him only on third degree murder. Stuart testified that on the day in question, he saw [Appellant] shoot the victim.

*Commonwealth v. Gellispie*, No. 773 MDA 2010, unpublished memorandum at 1-2 (footnote omitted).

Based on this evidence, the jury convicted both Appellant and Jackson of third-degree murder in March of 2007. On April 30, 2007, Appellant was sentenced to an aggregate term of 20 to 40 years' incarceration. He filed a timely appeal to this Court and we affirmed his judgment of sentence, after which our Supreme Court denied his petition for allowance of appeal on November 19, 2008. *Commonwealth v. Gellispie*, 959 A.2d 459 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 837

- 2 -

(Pa. 2008). Accordingly, Appellant's judgment of sentence became final on February 17, 2009, after the time expired for him to seek review by the Supreme Court of the United States. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

On November 9, 2009, Appellant filed a timely PCRA petition and counsel was appointed. After conducting a hearing, the PCRA court denied Appellant's petition on May 4, 2010. This Court affirmed the PCRA court's order on December 6, 2010, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *Commonwealth v. Gellispie*, 23 A.3d 569 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 21 A.3d 1190 (Pa. 2011).

On August 21, 2013, Appellant filed the PCRA petition underlying the instant appeal. Appellant's co-defendant at trial, Franklin Jackson, also filed a petition raising similar claims. The PCRA court appointed the same attorney to represent both Appellant and Jackson, but due to alleged

conflicts, that attorney withdrew her representation. Two more attorneys were appointed and withdrew due to conflicts with Appellant and Jackson.[1] The court appointed a fourth attorney, who ultimately represented Appellant throughout the PCRA proceedings, while co-defendant Jackson was permitted to proceed *pro se*.

On October 21, 2014, an initial PCRA hearing was conducted, at which the court assessed the timeliness of Appellant's petition, ultimately concluding that he had pled and proven the applicability of the after-discovered fact exception of 42 Pa.C.S. § 9545(b)(1)(ii), discussed in more detail *infra*. **See** N.T. Hearing, 10/21/14, at 16. On December 15, 2014, the court conducted a hearing to assess the merits of that after-discovered evidence claim. The PCRA court summarized, in pertinent part, the evidence presented at the PCRA hearing, as follows:

> Both … Jackson and [Appellant] argued that Mandy Keiser[, Shannon Stuart's girlfriend at the time of the murder and trial,] should have been called as a witness for the defense in order to show that [Mr.] Stuart was lying about the events that took place on the night of the homicide. Ms. Keiser testified that she was dating [Mr.] Stuart when the homicide occurred. She said that police interviewed her a couple days after the homicide, but at that point in time she did not know much about what had happened. Over some period of time, Mr. Stuart did begin to give Ms. Keiser more details about what occurred. At

---

[1] According to the PCRA court, "[n]one of the conflicts involved having the same appointed attorney representing the two co-defendants, since their defenses and claims were in concert." PCRA Court Opinion (PCO), 2/11/15, at 2.

- 4 -

[Appellant's and Jackson's] trial, Ms. Keiser was present when Mr. Stuart testified that he attempted to fire his weapon, but it jammed. However, around the time of trial, Ms. Keiser said Mr. Stuart told her that his gun did in fact fire and that it did not jam. Ms. Keiser did not call the police. However, she did claim that she told the private investigator and Attorney Robinson, Defendant Jackson's counsel, prior to the trial starting.

PCO at 2-3 (citations to the record omitted).

Ultimately, the PCRA court denied Appellant's petition on the basis that Mandy Keiser's proposed testimony failed to satisfy the four-pronged test for proving a new trial is warranted based upon after-discovered evidence. *See* PCO at 5-8; *see also Commonwealth v. Pagan*, 950 A.2d 270, 292 (2008) (citations omitted) ("To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted."). Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises one question for our review: "Whether the [PCRA] [c]ourt abused its discretion by denying [] Appellant's PCRA petition and request for a new trial based on after[-] discovered evidence?" Appellant's Brief at 3.

Initially, our standard of review regarding an order denying post conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error.

*Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

We must begin by examining whether the PCRA court correctly ruled that Appellant's claim satisfies a timeliness exception to the PCRA's one-year time-bar, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on February 17, 2009; thus, he had until February 17, 2010, to file a timely petition. Consequently, his petition, filed in August of 2013, is facially untimely and, for this Court to have jurisdiction to review the merits of his after-discovered evidence claim, Appellant has to prove that it meets the exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii).

In this vein, Appellant contends that Mandy Keiser's proposed testimony is newly discovered evidence because his trial counsel "had no information as to Mandy Keiser and the statements she would make at trial." **See** Appellant's Brief at 11 (unnumbered). Appellant also baldly asserts that he acted diligently in discovering Ms. Keiser's proposed testimony. **See id.** ("This is not a case where counsel was not diligent, yet one where there was truly newly discovered evidence.").

The Commonwealth, however, maintains that Ms. Keiser's testimony that Shannon Stuart shot his gun at the scene of the murder is merely a "newly willing source for previously known facts." Commonwealth's Brief at 13 (quoting **Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004),

*abrogation on different grounds recognized by*, **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)).  In support, the Commonwealth relies on the following testimony of Charles Jackson at Appellant's trial:

> [Appellant's Counsel:] Did Shannon Stuart tell you what he did [on the] day [of the murder]?
>
> [Jackson:] Yeah.
>
> [Appellant's Counsel:] What[] [did] he say?
>
> [Jackson:] Well, we was [*sic*] on our way to his girlfriends [*sic*] at the time … and I asked him what he did and that's when he told me he popped the dude in the stomach.
>
> …
>
> [Appellant's Counsel:] Did he ever tell you anything about his gun not firing?
>
> [Jackson:] No.

N.T. Trial, 3/14/07-3/16/07, at 718.

Based on our review of the record, we agree with the Commonwealth that Mandy Keiser's proposed testimony was simply a new source for the fact that Mr. Stuart shot his weapon at the scene of the murder, as Charles Jackson also stated that fact at trial.  Additionally, Appellant has also failed to demonstrate that Mr. Stuart's statement to Ms. Keiser was 'unknown' to Appellant, and could not have been ascertained with due diligence.  At the PCRA hearing, Ms. Keiser testified that prior to trial, she relayed Mr. Stuart's statement to a private investigator working for Franklin Jackson's counsel. Appellant does not explain why he, too, could not have spoken with Ms. Keiser prior to trial and learned this same information.  Indeed, Appellant's

trial counsel stated at the PCRA hearing that Ms. Keiser's name was mentioned in the pre-trial discovery, and he knew that she had spoken to police. N.T. Hearing, 12/15/14, at 56. Moreover, Jackson and Appellant were co-defendants and are brothers, yet Appellant does not explain why he, or his trial counsel, could not have obtained Ms. Keiser's statement from Mr. Jackson's counsel or the private investigator. Accordingly, we conclude that Appellant has not demonstrated that his claim based on Ms. Keiser's proposed testimony satisfies the after-discovered fact exception of section 9545(b)(1)(ii). Thus, the PCRA court did not err in denying his untimely petition.[2]

_____

[2] While the PCRA court found Appellant's petition was timely, but denied him relief after assessing the underlying merits of his after-discovered evidence claim, we "may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2016